Donald R. Peterson and Dorothy M. Peterson [1] v. Commissioner. Peterson v. Commissioner
Docket Nos. 62150, 62151.
United States Tax Court
T.C. Memo 1957-96; 1957 Tax Ct. Memo LEXIS 155; 16 T.C.M. (CCH) 396; T.C.M. (RIA) 57096; June 18, 1957
*155 Upon the facts, held, that a piece of heavy equipment was purchased by petitioner, Donald R. Peterson, in November 1946; it was sold in March 1947; and it was, therefore, an asset of Donald R. Peterson at the end of 1946. Joseph A. Maun, Esq., Hamm Building, St. Paul, Minn., for petitioners. R. J. Worden, Esq., for respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax and additions under sections 291(a), 293(b), 294(d)(1)(A), and 294(d)(2), 1939 Code, for the years 1947, 1948, 1950, 1951, and 1952, as follows: Tax
Section
Section
Section
Section
Year
Deficiency
291(a)
293(b)
294(d)(1)(A)
294(d)(2)
1947
$1,058.78
$264.70
$ 529.39
$ 74.11
$ 63.53
1948
1,001.67
250.41
500.83
70.12
60.10
1950
650.40
0
325.20
0
39.02
1951
932.67
0
466.33
65.29
55.96
1952
2,496.68
0
1,248.34
200.49
180.79
*156 The Commissioner reconstructed the taxable income of the petitioner, Donald R. Peterson, for the years 1947, 1948, 1950, 1951, and 1952, by use of the increase in net worth plus expenditures method. Several issues are raised by the pleadings and the petitioners allege that deficiencies for the years 1947, 1948, and 1951 are barred. The parties have disposed of all of the questions except one. The only question presented to the Court for decision relates to the assets of Donald R. Peterson on December 31, 1946 for the purpose of respondent's net worth statement of his assets, liabilities, and net worth at the end of 1946. The question is whether Donald R. Peterson purchased a piece of heavy equipment in 1946 and held such piece of equipment at the end of 1946, or purchased the equipment in the early part of 1947. Findings of Fact Donald R. Peterson and Dorothy M. Peterson are residents of Rogers, Minnesota. They filed a joint income tax return for 1952. Donald R. Peterson filed an individual return for each of the years 1947, 1948, 1950, and 1951. All of the returns were filed with the director of internal revenue for the district of Minnesota. Since the question to be decided *157 relates to Donald R. Peterson, only, he is referred to hereinafter as the petitioner, or as Peterson. Peterson is a farmer. He engaged in truck farming operations during all of the years involved. In the fall of 1946, Earl Doty had for sale a used Allis Chalmers caterpillar tractor and bulldozer. Doty carried on his business in Minneapolis and the equipment was located on his premises. An acquaintance of Peterson considered purchasing the equipment but for undisclosed reasons he did not want to deal directly with Doty. Therefore, he asked Peterson to enter into negotiations with Doty for purchasing the equipment and he promised Peterson a commission of $100. Doty was willing to sell the combination tractor and bulldozer for $2,800. However, Peterson's acquaintance eventually decided not to buy the equipment. Peterson then went ahead with the transaction. He made a down payment in November 1946; he paid the balance of the purchase price either in November or early in December 1946. Peterson obtained a job hauling feed from the Brooks feed storage elevator where there had been a fire at some time toward the end of 1946. He left the tractor in Doty's yard for about two months while *158 he was occupied with the hauling job. Eventually, the tractor was delivered on a trailer to Peterson's farm in the town of Rogers, which is located near Minneapolis. Peterson kept the tractor at his farm for about one month. He spent from $60 to $90 for parts for the tractor which he purchased from Doty. In February or March of 1947, Peterson endeavored to sell the tractor. He sold it in the early part of March 1947 to Tri State Machinery Company in Minneapolis. The tractor was returned to Minneapolis from Rogers on a flat car by rail. Tri State paid Peterson $3,100 for the piece of equipment. Peterson desposited part of the proceeds of the sale in his joint bank account at the Camden Park State Bank in March 1947. Peterson owned the piece of equipment at the end of 1946, and sold it in March 1947. Opinion The petitioner and the respondent are in disagreement about the facts pertaining to the year of petitioner's acquisition of a piece of heavy equipment. Petitioner maintains that he bought the piece of equipment in 1946, in late November or early December, and that he sold it in 1947. Respondent takes the position that either the equipment was purchased and resold during 1946, *159 or that it was acquired and resold in the early part of 1947. However, respondent had no information from the vendor in support of either view, or any other conclusion. The year in which the equipment was owned by petitioner is of importance in determining the total amount of his assets as of December 31, 1946, for the purpose of fixing the amount of his net worth at the end of 1946. Our ultimate finding of fact disposes of the question. Although it is not necessary to discuss the issue, which presents a question of fact, a few observations are made about the evidence. Petitioner, at the time of the trial of these cases, did not have any written evidence of his purchase of the tractor, such as a bill of sale, a memorandum of sale, or a cancelled check for all or part of his payment of the purchase price. These cases were tried in 1957 and more than 10 years had elapsed since the purchase transaction. Whether there is now any written evidence of the sale of the piece of equipment to petitioner, we do not know. Respondent's agents did not locate any record which established the date of the sale to petitioner. Petitioner apparently did not keep and maintain complete accounting records *160 covering all of his business dealings. At the trial of these cases, petitioner relied upon his own testimony and that of his wife to fix the year of the purchase. He testified that the purchase of the equipment was completed in 1946, at the end of November or in the beginning of December, and that he held the equipment until March of 1947 when he sold it to Tri State. Peterson's wife testified to the same effect. Their testimony stands unrefuted. Respondent did not present any evidence to show that the purchase was made in 1947 rather than in 1946. Upon the entire record, we find no substantial and good reason for not accepting as worthy of belief petitioner's testimony that he bought the equipment in 1946 and held it at the end of 1946. Accordingly, it is held that the equipment was purchased in 1946 and was held by petitioner until it was sold by him in 1947. Respondent attaches importance to the point that Peterson's testimony about his recollection of the details of his deposits in his bank account in March of 1947 is confused. Petitioner does not now have his bank statements for 1947, or any other record showing the precise date of his deposit in his bank account of all or *161 part of what he received from Tri State upon his sale to it of the equipment. Assuming that Tri State paid for the tractor by its check, there is no cancelled check of Tri State in evidence. Respondent's agent made a transcript of the bank's records of Peterson's deposits during March of 1947. The agent's testimony indicates that Peterson's recollections of his bank deposit of some of the proceeds from the sale to Tri State in 1947 is inaccurate. But there is evidence that Peterson made a bank deposit in March of 1947 which could have been part of what he received from the sale of the tractor. Respondent's view is that if petitioner's recollection about this particular item of his bank deposits is inaccurate, it follows that petitioner's recollection of the year in which he purchased the tractor may also be inaccurate, and, therefore, his testimony should not be accepted. Consideration has been given to this point but there is not sufficient evidence in the record to impeach petitioner's testimony. Under the issue presented for decision the petitioner had the burden of proof. His proof about the year of the purchase is not entirely satisfactory because it lacks corroboration by some *162 written document, if any now exists, or the testimony of a disinterested witness. Under all of the circumstances, the inaccuracy in some of petitioner's recollection about the details of his bank deposits in March of 1947 (all of which relate to his resale in 1947) does not, in our opinion, justify our rejection of petitioner's testimony that his purchase of the equipment took place in 1946. Upon our decision of the only question remaining in dispute, the parties are able to agree upon all of the other issues. Decisions will be entered under Rule 50. Footnotes
1. In Docket No. 62151, Donald R. Peterson, only, is the petitioner.↩